## Craig *vs* Trustees of the Baptist Educa-tion Society.

ERROR TO THE CARROLL CIRCUIT.

*Parol proof.   Consideration.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

CRAIG filed his bill enjoining a judgment recovered  Case stated. against him by the Trustees aforesaid, upon the alledged ground, that the note had been executed upon the promise or representation of the agent of the Trustees, that the sum promised to be paid, together with other sums sub-scribed by others, to the amount of $80,000, was in-tended to be set apart as a fund, in aid of the Pawling donation, and the interest only to be applied to the edu-cation of Baptist Ministers and students for the Ministry in Theology, and that the Trustees were applying other funds, raised with the like object, principal and interest, to rearing up the College at Georgetown, and intended to apply the amount promised by the complainant, to the same object.  He prayed, therefore, a perpetual injunc-tion against the judgment at law.  The Trustees deny the material allegations of the bill as to the representations of their agent, as well as to the inducements, motives and purposes of the subscription, and charge that indi-gent Baptist ministers and students for the Ministry, were received and educated gratuitously, in all the departments of said College, literary as well as Theological, whenever and so many as are sent by the Churches of Kentucky to

CRAIG
vs
BAPTIST EDUCA-
TION SOCIETY.

said Institution, and that some of the funds, and the proceeds raised by their agent, that have been collected, have been applied to the general purposes of the College. Upon the hearing, the injunction was dissolved and complainant's bill dismissed, and he has appealed to this Court.

When a note is for the payment of money, absolute and unconditional upon its face, in aid of an institution of learning, can parol proof be admitted to show that the money was to have been specially applied to one branch of learning to the exclusion of others?—QUERE.

1st. The note is absolute and unconditional on its face, and it may be well doubted whether any promise or representation, as to the intended special application of the fund could be sustained by parol proof. To allow such proof would seem to allow conditions and terms to be added to the written absolute promise, by an inferior grade of evidence. The absolute promise imports an undertaking on the part of the promisor, to pay without stipulations or conditions as to the application of the fund promised, and implies a general power in the Trustees, to use the fund at their discretion, to the general purposes of the Institution, and it is certainly questionable whether parol proof is at all admissible, to give to the fund a special and limited application, not specified in the writing.

—Parol proof dehors the writing in such case, cannot be admitted to show the moving consideration for its execution, when the objects and considerations are various, and none are expressed in the writing.

2d. But if such proof be competent, it shows that other inducements to the subscription were held out by the agent, than those alledged in the bill, namely, the prosperous condition of the College, the necessity of sustaining it by the Baptist denomination, and that the object of the subscription was to *endow* the College. Whether the single inducement suggested in the bill prompted the subscription, or all of those held out by the agent, cannot be known. No doubt all of them had their weight, and we cannot undertake to say whether he was influenced most by one or the other, or whether he would not have subscribed to endow the College as necessary in the accomplishment of the objects contemplated by Pawling, the original founder.

3d. The complainant has certainly no right, upon the allegations of his bill, perpetually to enjoin the payment of the sum promised. To allow him to do so, would be to allow him to *defeat* his own alledged purpose and object for subscribing, to add to and aid in the objects of the Pawling donation. If he had a right to give direction to the application of the amount subscribed by him, he

could only do so by a bill framed with a view to that object, which is not done in this case, and he has surely no right to refuse payment altogether.

The decree of the Circuit Court is affirmed.

*Cates & Lindsey* for plaintiff; *Hawkins* for defendant.